THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KITSADA KONGMANICHANH, and<br>CASSANDRA FARIAS, Individuals<br><br>*Plaintiffs*,<br>vs.<br><br>XTC CABARET, INC., RCI ENTERTAINMENT<br>(TEXAS), INC., RCI ENTERTAINMENT<br>(AUSTIN), INC., RCI HOSPITALITY<br>HOLDINGS, INC, RCI HOLDINGS, INC., RCI<br>MANAGEMENT, INC., and ERIC S LANGAN,<br>an Individual<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, KITSADA KONGMANICHANH and CASSANDRA FARIAS (hereinafter collectively "Plaintiffs"), alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

### I.  NATURE OF THE ACTION

1. Plaintiffs allege causes of action against Defendant RCI ENTERTAINMENT (3315 NORTH FREEWAY FW), INC. d/b/a XTC CABARET HOUSTON ("Defendant" or "XTC CABARET") for damages resulting from Defendant's evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and illegally absconding with Plaintiffs' tips.

2. Defendant owns and operates a strip club named XTC Cabaret. Plaintiffs' causes of action arise from Defendant's willful actions while Plaintiff KITSADA KONGMANICHANH was employed by Defendant from approximately March 2012 through August 2021. Plaintiff CASSANDRA FARIAS was employed by Defendant from August 2010 through September 2021. Throughout their employment with Defendant, Plaintiffs have been

denied minimum wage payments and denied overtime as part of Defendant's scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors."

3. Plaintiffs worked at Defendant's principal place of business located at 3501 Andtree Blvd, Austin, TX 78724.

4. Defendant failed to pay Plaintiffs minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a). Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206. The forcing of tips by dancers to other employees and managers and DJs violates 29 C.F.R. § 531.5 which "prohibits an arrangement that tends to shift part of the employer's business expense to the employees." *Ramos-Barrientos v. Bland*, 661 F.3d 587, 594-95 (11th Cir. 2011). A required tip to the DJ or a House Mom each time Plaintiffs worked functioned as a subsidy to Defendant. Defendant had to pay the DJ and/or a House Mom less because they were being tipped by the entertainers.

5. As a result of Defendant's violations, Plaintiffs seek to recover damages for failure to pay minimum wage, violation of the tip credit provisions, and all tips, fees, or fines taken from Plaintiffs, liquidated damages, interest, and attorneys' fees and costs.

## II. PARTIES

7. Plaintiff Kitsada Kongmanichanh is an individual adult resident of the State of Texas and Plaintiff Cassandra Farias is an individual adult resident of the State of Texas. Furthermore, Plaintiffs were employed by Defendant and qualifies as an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).

8. XTC CABARET, INC. d/b/a XTC CABERET is a Texas Corporation with its principal place of business at 3501 Andtree Blvd, Austin, TX 78724. At all times mentioned herein, was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). XTC CABARET may be served via its agent for service of process, Robert D. Axelrod, 1502 Augusta, Suite 320, Houston, TX 77057.

9. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because it has had employees at its club engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendant's interrelated activities, it functions in interstate commerce. 29 U.S.C. § 203(s)(1).

10. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

11. Plaintiffs are informed and believes that, at all relevant times herein, Defendant engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its owners, employees, representatives, and agents, and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

### III.     VENUE AND JURSIDICTION AND APPLICABLE LAW

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

13. Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendant's club is located in this District and Plaintiffs worked in this District.

## IV.    FACTUAL ALLEGATIONS

14. Defendant operates an adult-oriented entertainment facility located at 3501 Andtree Blvd, Austin, TX 78724. The picture below depicts the outside of the Club.



15. At all times mentioned herein, Defendant was the "employer(s)" of Plaintiffs as defined by the FLSA, 29 U.S.C. §203(m).

16. At all times Plaintiffs worked for Defendant (the Relevant Time), Defendant categorized all dancers/entertainers employed by Defendant as "independent contractors" and has failed and refused to pay wages to such dancers/entertainers.

17. At all times during the Relevant Time, Defendant exercised a great deal of operational and management control over the subject club, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

18. Plaintiff Kitsada Kongmanichanh began working as a dancer for Defendant from approximately March 2012 through August 2021 and Plaintiff Cassandra Farias began working as a dancer for Defendant from August 2010 through September 2021.

19. The primary duty of an entertainer is to dance and entertain customers and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

20. Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

21. Plaintiffs worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiffs were an integral part of Defendant's business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

22. Defendant did not pay entertainers on an hourly basis.

23. Defendant exercised significant control over Plaintiffs during their shifts and required Plaintiffs to work an entire shift.

24. Defendant set prices for all VIP performances.

25. Defendant charges the dancers a late fee if they do not arrive for a shift on time.

26. Defendant controlled the means and manner in which Plaintiffs could perform.

27. Defendant had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with its rules regarding dancing.

28. Defendant actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

29. Plaintiffs were compensated exclusively through tips from Defendant's customers. That is, Defendant did not pay Plaintiffs whatsoever for any hours worked at its establishment.

30. Defendant also required Plaintiffs to share their tips with Defendant and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the house mother.

31. Defendant is in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendant also violated 29 U.S.C. § 203(m) when it failed to notify the

Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendant's exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendant violated 29 U.S.C. § 203(m) because it did not allow Plaintiffs to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips. Because Defendant violated the tip-pool law, Defendant lost the right to take a credit toward minimum wage.

32. Defendant provided and paid for all advertising and marketing efforts undertaken on behalf of Defendant.

33. Defendant paid for the facility used as the Club, maintenance of the facility, the sound system, stages, lights, beverages, and inventory used at the facility.

34. Defendant made all hiring decisions regarding wait staff, security, entertainers, managerial, and all other employees on the premises.

35. Defendant's opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at XTC CABARET.

36. Nude dancing is an integral part of Defendant's operations. Defendant's advertising prominently displays nude dancing for its customers. XTC CABARET is well known as a "strip club."

37. Defendant needs entertainers to successfully and profitably operate its business model.

38. The position of entertainer requires no managerial skill of others.

39. The position of entertainer requires little other skill or education, formal or otherwise.

40. The only requirements to become an entertainer at are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

41. Defendant failed to maintain records of wages, fines, fees, tips, and gratuities and/or service charges paid or received by entertainers.

42. Plaintiffs were not paid an hourly minimum wage or any hourly wage or salary despite being present at Defendant's facility and required to work and entertain its customers at any time during a seven-plus (7+) hour work shift.

43. Defendant has never paid Plaintiffs any amount as wages whatsoever and have instead unlawfully required Plaintiffs to pay it for the privilege of working.

44. The only source of monies received by Plaintiffs relative to their employment with Defendant came in the form of gratuities received directly from customers, a portion of which Plaintiffs were required to pay to Defendant.

45. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and not based on good faith and reasonable belief that its conduct complied with the FLSA. Defendant misclassified Plaintiffs with the sole intent to avoid paying them in accordance with the FLSA; the fees and fines described herein constitute unlawful "kickback" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

46. Defendant failed to keep records of tips and gratuities paid to Plaintiffs and failed to maintain and furnish wage statements to Plaintiffs.

///

47. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.    The time of day and day of week on which the employees' work week begins;

    b.    The regular hourly rate of pay for any workweek in which overtime compensations due under section 7(a) of the FLSA;

    c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.    The hours worked each workday and total hours worked each workweek;

    f.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g.    The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i.    The dates, amounts, and nature of the items which make up the total additions and deductions;

    j.    The total wages paid each pay period; and

    k.    The date of payment and the pay period covered by payment. 29 C.F.R. 516.2, 516.5.

48. Defendant has not complied with federal law and have failed to maintain such records with respect to Plaintiffs. Because Defendant's records are inaccurate and/or inadequate, Plaintiffs can meet their burden under the FLSA by proving that they, in fact, performed work for which they was improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seeks to put Defendant on notice that they intend to rely on *Anderson* to provide the extent of their unpaid work.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**

49. Plaintiffs hereby incorporates by reference and re-allege each and every allegation set forth in the paragraphs above as though fully set forth herein.

50. Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

51. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

52. Defendant failed to pay Plaintiffs the minimum wage in violation of 29 U.S.C. § 206.

53. Defendant's requirement that Plaintiffs pay fees, fines and tipouts to other XTC CABARET employees violated the "free and clear" requirement of 29 C.F.R. § 531.35, which also caused Defendant to fail to mee the minimum wage in violation of 29 U.S.C. § 206.

54. Based upon the conduct alleged herein, Defendant knowingly, intentionally, and willfully violated the FLSA by not paying Plaintiffs the minimum wage under the FLSA.

55. Throughout the relevant period of this lawsuit, there is no evidence that Defendant's conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendant continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

56. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover minimum wage compensation and all fees, fines and forced tip sharing that Defendant required Plaintiffs to pay in order to work at XTC CABARET, as well as an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Unlawful Taking of Tips in Violation of the FLSA, 29 U.S.C. § 203

57. Plaintiffs hereby incorporates by reference and re-allege each and every allegation set forth in the paragraphs above as though fully set forth herein.

58. Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

59. At all relevant times, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

60. Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

61. Defendant operates an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

62. Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

63. Defendant kept a portion of tips paid to Plaintiffs by Defendant's customers in the form of fees, fines, mandatory charges, and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

///

64. Defendant required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, security, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

65. Defendant also required Plaintiffs to pay monetary fees to Defendant and other XTC CABARET employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

66. Defendant's requirement that Plaintiffs pay fees to Defendant and other XTC CABARET employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

67. Because Defendant took Plaintiffs' tips, pursuant to 29 U.S.C. § 203(m)(2)(B), Defendant was not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

68. The contribution Defendant required Plaintiffs to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiffs or other dancers; but rather, was imposed upon Plaintiffs and other dancers. Plaintiffs did not voluntarily tip other Ritz employees and managers, but rather was forced and/or coerced to do so because Defendant imposed consequences affecting Plaintiffs' employment for failure to tip by Defendant, including but not limited to termination.

69. By requiring Plaintiffs to pay out their tips to club management and other employees, Defendant "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

70. Defendant did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

///

71. At the time of its illegal conduct, Defendant knew or showed reckless disregard that the forced tips which Defendant required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendant willfully failed and refused to allow Plaintiffs to keep the tips to which they were entitled

72. Defendant's willful failure and refusal to pay Plaintiffs the tips they earned violates the FLSA.

73. Further, in each purchase, XTC CABARET would be charged a 2%-3% merchant fee when customers used credit cards as their method of payments by these credit card companies and payment service providers.

74. As such, Defendant improperly and willfully offset credit tips to recover costs that exceed the direct fees charged by the credit card companies in direct violation to FLSA §203(m)(2). Defendant knowingly and willfully charged Plaintiffs these costs over a business decision, rather than as a fee directly attributable to its cost of dealing in credit.

75. On an aggregate basis, Defendant's expenses for collecting and distributing credit card tips to cash, including both credit card issuer fees and expenses for cash-delivery services, always exceeded the offset amount. As such, Defendant improperly and willfully deducted more than the legal costs required by law when making such collections and directly violated FLSA §203(m)(2).

76. As a result of the acts and omissions of the Defendant as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs are entitled to damages in the form of all misappropriated tips, "tip-credits," and fees charged—including house fees—as illegal kickbacks, plus interest; and as liquated damages, an amount equal to all misappropriated tips, "tip-credits," illegal kickbacks, mandatory attorneys' fees, costs, and expenses.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages Pursuant to the FLSA, 29 C.F.R. § 207

77. Plaintiffs hereby incorporates by reference and re-allege each and every allegation set forth in the paragraphs above as though fully set forth herein.

78. Defendant is an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

79. Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

80. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

81. Defendant failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each work week in which they worked in violation of 29 U.S.C. §207.

82. Based upon the conduct alleged herein, Defendant knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the overtime wage required under the FLSA.

83. Throughout the relevant period of this lawsuit, there is no evidence that Defendant's conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendant continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were unlawful.

84. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests of this Court the following relief:

1. For actual damages according to proof at trial of at least $500,000;
2. For special damages according to proof at trial;
3. For liquidated damages;
4. For attorneys' fees;
5. For costs of suit incurred herein;
6. For pre-judgment interest;
7. For post-judgement interest; and
8. For such other and further relief as the tribunal may deem just and proper.

Dated: December 13, 2022

/s/ Jarrett L. Ellzey
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery
Texas Bar No. 24052214
Alexander G. Kykta
Texas bar No. 24107841
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
Fax: (888) 995-3335
jarrett@ellzeylaw.com
leigh@ellzeylaw.com
alex@ellzeylaw.com

***Attorneys for Plaintiffs***